IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN _ 7 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOHN CLARENCE WALKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-2392 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, John Clarence Walker, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for first-degree murder. Respondent filed a motion for summary judgment, (Docket Entry No. 11), with a copy of the state court record. Walker did not file a response. Having considered the pleadings, the motion, the record, and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.      Background**

A jury found Walker guilty of the felony offense of first-degree murder. (Cause Number 766671-B). Walker pleaded true to one enhancement paragraph relating to a 1989 conviction for aggravated assault. (Cause Number 542745). On November 19, 1997, the jury sentenced Walker to life in prison. The Fourteenth Court of Appeals of Texas affirmed

Walker's conviction on September 9, 1999.  Walker did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals.

Walker filed an application for state habeas corpus relief on March 14, 2001.  On November 1, 2001, the state habeas court conducted an evidentiary hearing.  (Reporter's Record, Proceedings on November 1, 2001, Vol. I, pp. 1-15).  The state habeas court found that Walker's appellate counsel did not tell him that the appellate court had affirmed the conviction or that he had a right to file a petition for discretionary review in the Texas Court of Criminal Appeals. *Ex parte Walker,* Application No. 49,149-01 at 29, Finding #3.  The state habeas court also found that if Walker had been notified, he would have filed a petition for discretionary review. *Id.* Finding #4. On January 30, 2002, the Texas Court of Criminal Appeals granted relief in the form of an out-of-time petition for discretionary review. *Ex parte Walker,* Application No. 74,264, at cover.  Walker filed his petition for discretionary review on May 31, 2002.  The Texas Court of Criminal Appeals refused the petition on September 11, 2002.

Walker filed a second state habeas application on July 28, 2003.  The Texas Court of Criminal Appeals denied it without written order, on findings of the trial court, without a hearing, on May 25, 2005. *Ex parte Walker,* Application No. 49,149-02 at cover.

Walker filed a *pro se* postconviction motion in the state court for forensic DNA testing on June 17, 2002.  (DNA Only Clerk's Record, Vol. I, p. 68).  Walker filed another motion for DNA testing, with the assistance of counsel, on August 11, 2003.  (*Id.* at 112).

On August 27, 2003, the 337th Judicial District Court of Harris County, Texas denied

Walker's motion because he failed to make the showing required under Texas Code of

Criminal Procedure Art. 64.03(a)(2). (*Id.* at 119). The Fourteenth Court of Appeals affirmed

the judgment on March 16, 2004.  The Texas Court of Criminal Appeals refused Walker's

petition for discretionary review on September 15, 2004.

On July 11, 2005, this court received Walker's federal petition. The petition was filed

when Walker tendered it to the prison authorities for mailing to the district court. *Spotville*

*v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).  This court assumes that Walker deposited his

federal petition in the prison mail on the date he signed it, July 5, 2005. *Sonnier v. Johnson,*

161 F.3d 941, 945 (5th Cir. 1998).  Walker contends that his conviction is void for the

following reasons:

> (1)    The trial court committed reversible error and violated Walker's Fourteenth
>
> Amendment rights by not having the court reporter record the bench conference
>
> between defense counsel and the prosecutor regarding a *Batson* challenge during the
>
> voir dire.
>
> (2)    Counsel rendered ineffective assistance by:
>
>> A.    failing to file motions for experts regarding fingerprints, DNA,
>>
>> psychology,  and other scientific data;
>>
>> B.    failing to present an alibi witness;
>>
>> C.    failing to familiarize himself with the scientific facts involved;

D.    failing to object to the judge's abuse of discretion of overruling questions of the State's key witness concerning her criminal history;

E.    failing to request a mistrial due to the judge's abuse of discretion of the same;

F.    failing to abide by Walker's request to not put him on the witness stand;

G.    failing to request a lesser included offense be included in the charge to the jury;

H.    failing to object to the prosecutor's misconduct during closing argument by referring to Walker as a stalker;

I.    failing to object to the introduction of extraneous offenses;

J.    failing to inform Walker of a plea bargain offer;

K.    failing to object to the court reporter's not recording bench conferences during voir dire;

L.    failing to abide by Walker's request to have the judge sentence him instead of the jury;

M.    failing to make an opening statement;

N.    failing to object to the sheriff's testimony on the basis that he was also the trial bailiff;

O.    failing to consult with Walker;

P.    failing to prepare Walker for trial;

Q.   failing to investigate;

R.   failing to file motions to suppress evidence; and

S.   failing to request a limiting instruction.

(3)   The trial court abused its discretion and violated Walker's Fifth Amendment right to cross-examine witnesses by refusing to allow Walker to question the State's key witness, Kimberly Walker, about her criminal past.

(4)   The State's witness, Kimberly Walker, committed perjury by testifying that she had never been charged with a crime of moral turpitude when she had been charged with welfare fraud.

(5)   Walker is actually innocent of the offense for which he was convicted.

(6)   The prosecutor committed misconduct by failing to supply buttress testimony and by alluding to Walker's demeanor during trial.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8A).

For the reasons that follow, this court finds that Walker filed this petition too late to permit this court to consider the claims on the merits.

## II.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.  The statute provides in part:

(1) A 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to

the judgment of a State court.  The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).  Walker's conviction became final when the time for filing a petition for discretionary review expired.  The Fourteenth Court of Appeals affirmed Walker's conviction on September 9, 1999.  Walker had thirty days, or until October 9, 1999, to file a petition for discretionary review.  TEX. R. APP. P. 68.2(a).  Walker did not file a

petition for discretionary review.  Absent tolling, the one-year limitations period would end on October 9, 2000.

Walker cannot argue that his conviction became final at a later date.  In *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003), the Fifth Circuit noted that in interpreting the statutory language of 28 U.S.C. § 2244(d)(1)(A), the state-law definition of finality is not determinative.  To decide whether a state habeas petition is "pending" for the purpose of 28 U.S.C. § 2244(d)(2), "federal law . . . determines the time limits under AEDPA."[1]

In *Roberts,* as in the present case, the inmate did not file a petition for discretionary review within thirty days after the state appeals court ruling overruling a motion for rehearing.  The inmate in *Roberts* argued that rather than finding that his conviction was final at the end of the thirty-day period, the Fifth Circuit should instead rely on the state-law rule that a conviction is not final until the appeals court issues its mandate.  The Fifth Circuit rejected this argument:

> We find no reason to look to state law to determine when a state conviction becomes final for the purposes of § 2244(d)(1)(A). The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." We previously

---

[1] The Fifth Circuit referred to the following cases: *Lookingbill v. Cockrell,* 293 F.3d 256, 262 n.8 (5th Cir. 2002) (citing *Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000) (giving language of § 2242(d)(2) priority over state law when determining whether motion is "properly filed" in state courts)); *Emerson v. Johnson,* 243 F.3d 931, 934-35 (5th Cir. 2001) (focusing on whether motion was practically pending rather than permitted by Texas law); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying FED. R. CIV. P. 6's timetables, rather than state law, to 28 U.S.C. § 2244(d)(2)).

held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires. This holding is consistent with our previous decision in *Flanagan*, where finality was established by the expiration of the ninety-day period to seek further review with the Supreme Court, rather than the date the conviction became final for purposes of state law.

*Roberts*, 319 F.3d at 694 (footnotes omitted). Under this analysis, Walker's conviction became final on October 9, 1999.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). In the present case, the one-year limitations period began on October 9, 1999 and ended on October 9, 2000. Walker waited until March 14, 2001, before filing his state habeas application. The Texas Court of Criminal Appeals granted Walker relief in the form of an out-of-time petition for discretionary review.

Walker may argue that his conviction did not become "final" until the out-of-time appeal period ended. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *cert. denied*, 541 U.S. 1032, (2004), the Fifth Circuit examined the effects of an out-of-time appeal on the AEDPA timeliness provisions. In *Salinas*, the inmate had failed to apply for discretionary review in the Court of Criminal Appeals within the thirty-day period. The Texas Court of

Criminal Appeals granted him the right to file an out-of-time petition for discretionary

review.  Under state law, the inmate was restored to the position of a recently convicted

felon, eligible to pursue direct review in the Court of Criminal Appeals.  *Salinas v. Dretke*,

354 F.3d at 428.  The inmate argued that: (1) when the Texas court granted him the right to

file an out-of-time petition for discretionary review, it restored him to the position he was in

when he first had the right to seek discretionary review; (2) because he still had the right to

file for discretionary review, he should be considered to be in the direct review process; and

(3) the AEDPA statute of limitations could not have lapsed because limitations could begin

to run only on the conclusion of direct review.  The Fifth Circuit summarized: "Thus,

Salinas argues, his conviction was 'definalized,' and the statute of limitations – though

legitimately initiated in August 2000 – should be deemed to have begun again with the

rejection of the PDR in January 2003."  *Id*. at 429.

      The Fifth Circuit rejected this argument, stating as follows:

> On its face, AEDPA provides for only a linear limitations
> period, one that starts and ends on specific dates, with only the
> possibility that tolling will expand the period in between.  *See* §
> 2244(d)(1), (2).  So long as the petitioner is being held pursuant
> to the same state court judgment, nothing in AEDPA allows for
> a properly initiated limitations period to be terminated altogether
> by collateral state court action.  Rather, the statutory framework
> only provides for the tolling of limitations during the pendency
> of state collateral review.  *See* § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals'
> action revitalized Salinas's limitations period, but rather whether
> the existence of that potential relief prevents the limitations
> period from starting to run until after that level of appeal has

been denied.  That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process.  If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal.  If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief.

*Id*. at 429-430.

The Fifth Circuit concluded:

> . . . when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether. . . . Therefore, because Salinas's right to file the 'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct review' procedures of the Texas judicial system. Accordingly, the Court of Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002.

*Id*. at 430-431.

In the present case, the fact that Walker was allowed to file an out-of-time PDR does not lead to a restart of the AEDPA limitations period from that date.  *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). When Walker received the right to file an out-of-time PDR from a state habeas court, that did not restart the limitations period.

The filing of a state habeas application does toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Walker filed his first state habeas application seeking leave to file his out-of-time PDR on March 14, 2001, after the federal limitations period expired. Walker's second habeas state application, as well as his out-of-time PDR, were also filed after the federal limitations period expired. These petitions did not toll the federal limitations period.

Walker's motions for DNA testing filed on June 17, 2002 and August 11, 2003 did not toll the statute of limitations under § 2244(d)(2). Such motions are not properly-filed applications for state postconviction relief or other collateral review. *See, e.g., Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) (holding that a preliminary motion that is not itself an application for a writ of habeas corpus does not toll the statute of limitations), *cert. denied*, 538 U.S. 947, (2003); *Carillo v. Dretke*, No. 3-04-CV-1955-K, 3-04-CV-1956-K, 2004 WL 3008605, *2 (N.D. Tex. December 28, 2004) (holding that a postconviction motion for DNA testing is not one for "other collateral review" and does not toll the limitations period under § 2244(d)(2)). Even assuming that such a motion did qualify as "other collateral review," Walker's motion for DNA testing was not actually filed until June 17, 2002, well after the AEDPA's statute of limitation had already expired.

The AEDPA limitations period is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is available only under "rare and exceptional circumstances" and ordinarily applies where the State has misled a prisoner about his rights. *Davis*, 158 F.3d at 811. Walker does not argue that he is entitled

to equitable tolling.  This court notes that the Texas Court of Criminal Appeals granted Walker the right to file an out-of-time PDR because his appellate attorney failed to give him timely notice that his conviction had been affirmed.  Walker states that he did not learn until February 4, 2000, that the appellate court had affirmed his conviction.  (Reporter's Record, Proceedings on November 1, 2001, Vol. I, pp. 9-11).  This fact does not warrant equitable tolling.  "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  Moreover, no evidence suggests that the State took any action to prevent Walker from exercising his rights.

To the extent that Walker's motions for DNA testing can be construed as a claim of actual innocence, such a claim "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder v. Johnson,* 204 F.3d 168, 171 & n.8 (5th Cir. 2000).  In addition, Walker has not made any argument or presented any evidence of actual innocence.  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); accord *Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001).  This does not provide a basis for equitably tolling the limitations period.

Walker does not identify any other grounds for equitable tolling and the record does not disclose any such basis.  Walker may not rely on his status as an unskilled layperson to excuse the delay in filing this petition.  Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Scott v. Johnson*, 227

F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).  Walker's delays in filing his state habeas applications weigh against tolling.  *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).  Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations.  *Pro se* litigants are the rule, not the exception, in section 2254 suits.  *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

Walker does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Walker from filing an application for federal habeas relief before the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  Walker's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Walker's claims relate to the trial that

occurred on November 19, 1997. Walker has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Walker was required to file his § 2254 petition on or before October 9, 2000, to avoid being time-barred. Walker did not file his federal petition until July 5, 2005. His petition is untimely. Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Walker's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

## III.   Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 11), is granted. Walker's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently,

or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Walker has not made the showing necessary for issuance of a COA.

SIGNED on June 7, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge